**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GWENETTE JACKSON, | ) | CASE NO.: 1:25-cv-00534 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Gwenette Jackson to the Report and Recommendation ("R&R") of the Magistrate Judge. On February 13, 2026, the Magistrate Judge issued an R&R in this matter recommending that the Court affirm the Commissioner. Doc. 10. On February 27, 2026, Jackson objected to the R&R. Doc. 11. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

1

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Jackson contends that the ALJ erred by failing to properly explain why he excluded the social interaction limitation opined by Dr. Katherine Fernandez, the state agency expert. Doc. 11, p. 2. Specifically, she asserts that the ALJ's reasoning for omitting the limitation was unsupported by substantial evidence. Id. This objection is the same assignment of error that Jackson set forth before the Magistrate Judge.

Dr. Fernandez' opinion is as follows:

On May 22, 2023, on reconsideration, Katherine Fernandez, Psy.D., wrote, "[t]here is new and material evidence or there are changed circumstances affecting the findings. The ALJ's PRTF is not being adopted because current evidence shows additional impairments and limitations as compared to the initial level PRTF." (*Id.* at 115.) Dr. Fernandez opined Jackson had moderate limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting or maintaining pace, and adapting or managing oneself. (*Id.*)

Doc. 10, p. 6, quoting and citing Tr. 115.

The R&R explains that the ALJ analyzed Dr. Fernandez opinion as follows:

The State Agency medical file consultant who reviewed the psychological aspects of the claim found that the claimant could perform simple, repetitive and routine tasks with uncomplicated instructions in a structured, predictable work setting without production quotas, and only brief superficial interactions with supervisors and the public (B5A). I find this only partially persuasive as the limitation to 'brief and superficial' interactions is not fully supported. The claimant has been working in a setting that requires significant interaction with others. Although she reports that this takes a toll on her mentally, she has been able to continue performing. Nevertheless, I have accounted for the claimant's statements and provided for limited interaction. However, the terms utilized by the medical file consultant are not well defined and are not vocational terms; thus, I have modified the limitations regarding the claimant's social interaction to only occasional regarding coworkers and the public.

Doc. 10, p. 17, quoting Tr. 28.

2

Jackson does not contest that the ALJ did not provide any reasoning for omitting the limitation, but instead asserts that it was unsupported by substantial evidence. Doc. 11, p. 2.

On this issue, the R&R explains:

The ALJ considered the supportability and consistency of Dr. Fernandez's opinions, discussing how "the limitation to 'brief and superficial' interactions is not fully supported" as Jackson has been working in positions that requires "significant interaction with others". (Tr. at 28.) The ALJ's decision recognized her work at both Caring Angels and Peter James Behavioral Health, which Jackson testified consisted of working with a nonverbal autistic girl and "troubled individuals". (*Id*. at 17, 47-49.) The ALJ explained he considered Jackson's testimony that her work takes a toll on her mentally, and yet, she has been able to continue working in roles that require significant social interaction. (*Id*. at 28) The ALJ clarified he accounted for Jackson's testimony in the RFC, limiting Jackson's interaction to "only occasional regarding coworkers and the public." (*Id*.)

Jackson argues the ALJ "must explain why a medical source opinion was not adopted if their determination conflicts with a medical source opinion", that the ALJ failed to explain why he rejected Dr. Fernandez's opinion, and claimed the ALJ "adopted his own opinion." (Doc. No. 6 at 11.) However, the ALJ is not required to base his RFC on the opinion of a physician. "[T]he ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence . .to require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability . . ." *Rudd v. Comm'r of Soc. Sec*., 531 F. App'x 719, 728 (6th Cir. 2013), citing SSR 96–5p, 1996 WL 374183 (July 2, 1996); see also *Shepard v. Comm'r of Soc. Sec*., 705 Fed.Appx. 435, 442–43 (6th Cir.2017) (rejecting the argument that "the ALJ's [residual functional capacity] lacks substantial evidence because no physician opined that [the claimant] was capable of light work"). Here, the ALJ included citations to evidence supporting his finding Dr. Fernandez's opinion "partially persuasive"; it was not a "cursory rejection" as Jackson claims, but an appropriate weighing of evidence. (Tr. at 28.)

Doc. 10, p. 18.

The R&R concludes that "[w]hile Jackson would weight the evidence differently, it is not for the Court to do so on appeal." Doc. 10, p. 20, citing *Her v. Comm'r of Soc. Sec*., 203 F.3d 388, 389-90 (6th Cir. 1999). Notably, the ALJ concluded that Dr. Fernandez' "limitation to 'brief and

3

superficial' interactions" was not supported by the evidence, specifically citing to Jackson's testimony regarding her current work.   The R&R notes that Jackson testified that "She graduated from high school and is currently working for a behavioral health company, assisting kids and adults with emotional issues. (*Id*. at 47.) She does not think she can do the job long-term because it is too emotional, and the kids are physically unpredictable. (*Id*. at 58-9.) She previously worked for a healthcare company, assisting a nonverbal autistic girl. (*Id*. at 48.)" Doc. 10, p. 7. Plaintiff urges this Court to conclude that the ALJ's reason for omitting a portion of Dr. Fernandez' opinion—that Plaintiff was currently working in a job that required significant interactions with other— was insufficient.

Jackson fails to demonstrate that the ALJ failed to apply the proper standard or support the findings with substantial evidence and instead, only points this court to evidence to support her alternative conclusion. Such an argument requires the Court to re-weight the evidence, which this court cannot do.   This Court agrees with the reasoning set forth in the R&R.

For these reasons, Jackson's objections are OVERRULED.   This R&R is ADOPTED IN WHOLE.   The decision of the Commissioner is hereby AFFIRMED.

Dated: <u>March 5, 2026</u>                              <u>  /s/ John R. Adams            </u>
                                                                     JUDGE JOHN R. ADAMS
                                                                     UNITED STATES DISTRICT JUDGE

4